FILED

JAN 05 2007

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**************************************************************************

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * | CIV 06-4176 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER |
| GEORGE CLARK, JR., RICKEY JOHNSON; and JAMES MEIER, | * | |
| Plaintiffs/Intervenors, | * | |
| vs. | * | |
| SARA LEE CORPORATION, d/b/a Sara Lee Bakery Group, | * | |
| Defendant. | * | |

**************************************************************************

This is an action brought by the Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct allegedly unlawful employment practices on the basis of race and to provide relief to employees who may have been denied promotions because they are black. The EEOC alleges that Sara Lee Corporation ("Sara Lee") denied promotions to foremen positions to black employees because of their race.

Three men who were employed by Sara Lee at the times relevant to the Complaint in this case have filed a Complaint in intervention claiming that they were denied promotions because of their race and then suffered retaliation for bringing their complaints. (Doc. 16.) Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure. It provides, in relevant part:

> a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or

impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

\*\*\*\*

(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene.

Fed. R. Civ. P. 24. The Eighth Circuit has held that if the EEOC sues first in a discrimination case, the individual employees may intervene as of right in the EEOC's action as provided by Rule 24(a). *McClain v. Wagner Elec. Corp.*, 550 F.2d 1115, 1119 (8th Cir. 1977). Based on the document entitled "Intervenors' Complaint," it appears that the three men are entitled to intervene as of right, but they have not complied with the procedure for intervention set forth in Rule 24(c) which requires a person desiring to intervene to serve a motion upon the parties. The purpose of Rule 24(c) is not only to inform the court of the grounds upon which intervention is sought, but also to inform the parties against whom some right is asserted or relief sought so that they might be heard before the court rules on the motion to intervene. *See Int'l Bhd. of Teamsters, Local 523 v. Keystone Freight Lines, Inc.*, 123 F.2d 326, 328 (10th Cir. 1941). A Certificate of Service attached to the Intervenors' Complaint indicates that it was served on counsel for the EEOC and counsel for Sara Lee. In the interests of justice, the Court will construe the Intervenors' Complaint as a motion to intervene, and a briefing schedule for the motion will be imposed. Accordingly,

IT IS ORDERED that the briefs of Plaintiff EEOC and Defendant Sara Lee in response to the motion to intervene shall be served and filed on or before January 18, 2007; and the reply brief, if any, shall by served and filed by George Clark, Jr., Rickey Johnson and James Meier on or before January 29, 2007.

Dated this 4th day of January, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY