```
                                                                    FILED
                                                                    AUG 0 5 2008
           UNITED STATES DISTRICT COURT
              DISTRICT OF SOUTH DAKOTA                              [signature]
                 SOUTHERN DIVISION                                  CLERK
```

*******************************************************************************

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * | CIV 06-4176 |
| Plaintiff, | * * | |
| GEORGE CLARK, JR., RICKEY JOHNSON, and JAMES MEIER, | * * * * | ORDER TO SHOW CAUSE |
| Plaintiffs/Intervenors, | * * | |
| -vs- | * * | |
| SARA LEE CORPORATION, d/b/a SARA LEE BAKERY GROUP, | * * * | |
| Defendant. | * * | |

*******************************************************************************

    Defendant Sara Lee Corporation ("Sara Lee") has filed a Motion for Order Finding Nikki Johnson in Contempt and Requiring 8/11/08 Appearance, doc. 114, an Amended Motion to find Nikki Johnson in contempt, doc. 118, and a Motion to Expedite Response to Amended Motion, doc. 117. Lisa Hanson Marso is one of the lawyers representing Sara Lee. According to her affidavit, on June 25 and July 24, 2008, Marso issued subpoenas to Nikki Johnson, whom she believes to be the wife of intervenor Rickey Johnson, to appear for a deposition on July 1 and July 28, 2008, respectively. Johnson did not appear for her deposition on either date. On July 14, 2008, Marso sent a letter to Johnson explaining that she must comply with the subpoena. Johnson called Marso on July 18, 2008 and promised to call on July 22 with a date she would be available for a deposition. Marso has had no further contact with Johnson. Another deposition is scheduled to be taken in this case on August 11, 2008 in Sioux Falls, South Dakota. Sara Lee requests an Order directing Nikki Johnson to appear for her deposition at 10:00 a.m. on that date in order to avoid additional litigation costs to the parties. Sara Lee further requests that Johnson be held in contempt for failing to comply with the subpoenas, and that she be required to pay the costs associated with service of the subpoenas. Finally, Sara Lee requests an order directing the Untied States Marshal to pick up and deliver Johnson to the Courthouse for her deposition on August 11, 2008.

Rule 45(e) of the Federal Rules of Civil Procedure allows the Court to hold in contempt "a person who, having been served, fails without adequate excuse to obey the subpoena." FED.R.CIV.P. 45(e). A civil contemner is entitled to the procedural safeguards afforded by the due process clause. *See Matter of Grand Jury Subpoena*, 739 F.2d 1354, 1357 (8th Cir. 1984). In *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338 (8th Cir. 1975), a nonparty witness had been subpoenaed to testify and produce records in a Missouri court in connection with litigation pending in a federal district court in Mississippi. On May 2, 1974, the witness appeared without an attorney at the time and place designated for the deposition. He produced only a portion of the documents requested, stating that "I brought what I had." *Id.* at 1339. The witness admitted that other documents existed and were in his possession or that of his auditor, but stated he had been unable to produce them in time for the deposition. On July 12, 1974, an application for an order compelling enforcement of the subpoena and for sanctions, as well as a motion to hold the witness in contempt, were filed in the district court. A show cause hearing was held on August 16. At this brief hearing, the witness appeared, again without counsel. He indicated that he had brought with him all of the requested information. The Missouri judge informed the witness that the Mississippi court might admonish him if he failed to comply with the subpoena. The Missouri court later issued an order holding the witness in contempt and assessing costs and attorneys' fees in the amount of $719.05. The Eighth Circuit concluded that the contempt sanctions could not be upheld because the witness' due process rights had been violated. Although he received sufficient notice, he was not "given a reasonable opportunity to be heard in his own defense or to give reasons for his behavior." *Id.* at 1342. In light of the Eighth Circuit's holding in *Fisher*, this Court must advise Johnson of her right to have counsel present and her right to present an explanation of her actions before being held in contempt for failing to comply with the subpoenas. Johnson must be given an opportunity to explain her position, present her defense and question the items of claimed expense. *Id.* at 1343.

The Court will schedule the show cause hearing for 8:30 a.m. on Monday, August 11, and the parties may proceed with the deposition of Johnson after the hearing. Personal service of this Order to Show Cause on Johnson would be the preferred method, and the Court will require one attempt by Sara Lee to serve it in that fashion. If the attempt to personally serve Johnson with this Order fails, Sara Lee may serve Johnson with the Order by mail and by leaving a copy of the Order at her place of residence. Accordingly,

IT IS ORDERED:

(1) that Defendant Sara Lee's motions regarding the deposition of Nikki Johnson, docs. 114, 117 and 118, are granted to the extent set forth in this Order.

(2) that Nikki Johnson show cause before the United States District Court in Sioux Falls, South Dakota on the 11th day of August, 2008, at 8:30 a.m., or as soon thereafter as the parties may be heard, as to why the Court should not determine that she is in contempt of this Court and as to why she should not be held in contempt of court;

(3) that Nikki Johnson has a right to be represented by counsel of her own choosing and at her own expense at the hearing on August 11, 2008.

(4) that Nikki Johnson has no right to a jury trial because, if she is found in contempt, she can purge herself of the contempt by complying with the subpoena requiring her to give a deposition;

(5) that the hearing at 8:30 a.m. on August 11, 2008 will be by way of live testimony of witnesses, not by way of affidavit. The Federal Rules of Evidence apply to contempt proceedings. *See* Fed.R.Evid. 1101(b);

(6) that Nikki Johnson will be found in civil contempt only if her contempt is established by clear and convincing evidence. Unlike in criminal contempt, her guilt need not be proved beyond a reasonable doubt;

(7) that if Nikki Johnson is found guilty of civil contempt, the Court may impose sanctions;

(8) that the Court will issue a warrant for the arrest of Nikki Johnson if she does not appear at the hearing on August 11, 2008; and

(9) that Defendant, Sara Lee, shall make one attempt to personally serve Nikki Johnson with this Order to Show Cause. If the attempt at personal service fails, Sara Lee may serve this Order by mailing copies to the last known address of Nikki Johnson, and by securely taping a copy of the Order to the front door of her residence.

Dated this 5th day of August, 2008.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Matthew
       DEPUTY